IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MAURICIO RUEBEN,                                                                  PLAINTIFF
Reg. #59216-079

v.                            No. 2:13-cv-33-DPM-JTK

T. C. OUTLAW, Warden, FCI-Forrest City;
D. W. HEUETT, Assistant Warden, FCI-
Forrest City; WILLIAM RESTO, Clinical
Director, FCI-Forrest City; MARY E.
GRAHAM, Health Services Administrator,
FCI-Forrest City; JEFFREY HAMMER,
Physician Assistant, FCI-Forrest City;
MISTY RIOS, Registered Nurse, FCI-Forrest
City; RHONDA LANGLEY, Registered Nurse,
FCI-Forrest City; R. M. MILLER, Registered
Nurse, FCI-Forrest City; MICHELLE WINGO,
Physician Assistant, FCI-Forrest City; and
UNITED STATES OF AMERICA                                                        DEFENDANTS

ORDER

Opposed recommendation, № 66, mostly adopted as modified and declined in part. FED. R. CIV. P. 72(b)(3).

1. Rueben's claims for damages against all individual defendants in their official capacities are barred by sovereign immunity.

2. Rios and Resto are absolutely immune from suit under the Public Health Service Act. 42 U.S.C. § 233(a).

**3.** Rueben's claims against Outlaw, Heuett, and Graham fail as a matter of law. Rueben doesn't allege that they were personally involved in his medical treatment; and defendants can't be held liable in a *Bivens* action based only on their supervisory positions. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

**4.** Wingo and Hammer, Rueben's treating physicians, are entitled to qualified immunity. Wingo treated Rueben once before his hospitalization; she reviewed his lab results with him and prescribed medication. Hammer saw Rueben at least five times across three months, both before and after he was hospitalized. Hammer prescribed Rueben medication, ordered tests, and directed that he be transferred to an outside medical center for treatment. Neither Wingo nor Hammer were deliberately indifferent to Rueben's medical needs. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

**5.** Langley and Miller are entitled to qualified immunity. Rueben says that they were deliberately indifferent to his medical needs because they booked him a later appointment three times. The record shows that Rueben was treated for leg pain on multiple occasions in the spring of 2012. Langley and Miller were following BOP's triage protocol. The record doesn't indicate that Langley or Miller knew of, or disregarded, an excessive risk.

**6.** As to the United States, the recommendation is this: grant summary judgment based on Rueben's failure to provide expert testimony, as required by the Arkansas Medical Malpractice Act. Rueben objects, arguing that the Court denied his motion to appoint an expert several months ago. № 71 *at 7*, № 47, & № 56. This issue needs further development. *E.g., Spann v. Roper*, 453 F.3d 1007, 1009 (8th Cir. 2006) (*per curiam*). The Court returns this claim to Judge Kearney, who is more familiar with the record. Is enough evidence present to justify revisiting the motion for an expert, and granting it, at least for an evaluation of Rueben's allegations? The Court is not directing that this be done, but only that it be reconsidered. If this case is different than *Spann*, the differences need explaining. The Court would also benefit from Judge Kearney's further analysis about when an expert should be appointed.

\* \* \*

Hammer's motion for summary judgment, № 44, is granted. Defendants' motion for summary judgment, № 50, is denied without prejudice as to the United States and otherwise granted. Rueben's claims against Outlaw, Heuett, Resto, Graham, Rios, Langley, Miller, Wingo, and Hammer are dismissed with prejudice. Rueben's medical-malpractice claim against the United States remains. Further recommendation requested.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

8 July 2014