**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MAURICIO RUEBEN,                                                                              PLAINTIFF
REG. #59216-079

v.                                             2:13CV00033-DPM-JTK

T. C. OUTLAW, et al.                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

I.      **Introduction**

Plaintiff Rueben is a federal inmate who filed this civil rights action pursuant to Bivens v.

Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the

Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, et seq., based on the alleged inadequate

medical treatment he received from January, 2012, through July, 2012.[1]

By Order dated July 8, 2014, United States District Judge D.P. Marshall Jr. adopted my

Proposed Findings and Recommendations and granted the Motions for Summary Judgment filed by

Defendants Hammer, Graham, Heuett, Langley, Miller, Outlaw, Resto, Rios, and Wingo (Doc. No.

72). Judge Marshall, however, declined to adopt my recommendation that the Motion for Summary

Judgment filed by Defendant United States of America be granted, and requested that I revisit the

FTCA claim filed by Plaintiff in light of his request for an expert. (Id.) Judge Marshall requested

an additional recommendation on when an expert should be appointed for a pro se litigant, and

---

[1]The Court granted Plaintiff's Motion to Amend, to add the Defendant United States of
America, on June 25, 2013 (Doc. No. 29).

2

specifically, whether sufficient evidence exists in this case to justify the appointment of an expert

for Plaintiff Rueben. (Id.)  Pursuant to my request, the parties have briefed the expert appointment

issue. (Doc. Nos. 74, 75.)[2]

## II.     Appointment of an Expert

### A.     Defendant's Position

At issue in this case is Rueben's FTCA claim against the Defendant United States of

America for negligent medical treatment.  Defendant asked the Court to dismiss the claim based on

Plaintiff's failure to produce expert testimony that the medical treatment he received fell below the

standard of care in this State.  In FTCA actions, courts must apply the law of the state in which the

acts complained of occurred, and in Arkansas, claims for negligence relating to medical treatment

arise under the Arkansas Medical Malpractice Act, ARK. CODE ANN. § 16-114-201, et seq.  See also

Goodman v. United States, 2 F.3d 291, 292 (8th Cir. 1993).

According to the Malpractice Act,

(a)   In any action for medical injury, when the asserted negligence does not lie
within the jury's comprehension as a matter of common knowledge, the plaintiff
shall have the burden of proving:

(1) By means of expert testimony provided only by a medical care provider
of the same specialty as the defendant, the degree of skill and learning ordinarily
possessed and used by members of the profession of the medical care provider in
good standing, engaged in the same type of practice or specialty in the locality in
which he or she practices or in a similar locality;

(2) By means of expert testimony provided only by a medical care provider
of the same specialty as the defendant that the medical care provider failed to act in

---

[2]The Court incorporates by reference the facts and records of Plaintiff's medical
treatment as set forth in its May 5, 2014 Proposed Findings and Recommendations (Doc. No. 66,
pp. 2-8.)

accordance with that standard; and

(3)  By means of expert testimony provided only by a qualified medical expert that as a proximate result thereof the injured person suffered injuries that would not otherwise have occurred.

Ark. Code Ann. § 16-114-206(a).[3]

Defendant states that the standard of care of a physician's assistant or nurse in diagnosing Plaintiff with cellulitis is not within a jury's common knowledge and that expert testimony is required in this case to establish: the standard of care, that the standard was not followed, and that Plaintiff suffered injuries.

Furthermore, Defendant opposes the appointment of an expert by the Court, based on the lack of statutory authority and compelling circumstances.  In light of the overwhelming evidence of medical treatment provided to the Plaintiff, Defendant states that Plaintiff is not entitled to a Court-appointed expert to help him prove his claim.

B.     Plaintiff's Position

Plaintiff disagrees, stating initially that expert testimony is not required in this case, since he

presents undisputed facts that during two months of inadequate treatment, Defendant's employees never diagnosed him with an infection.  Yet, immediately upon his admittance to the hospital, the infection (Cellulitis) was diagnosed.  This circumstantial evidence provides the common knowledge needed to show that the Defendant's employees negligently failed to treat him.

However, in the event that an expert is needed, Plaintiff states that as an indigent, he is

---

[3]The requirement in this statute that expert testimony be provided by "medical care providers of the same specialty as the defendant" was held unconstitutional in Broussard v. St. Edward Mercy Health System, Inc., 2012 Ark. 14, 386 S.W.3d 385 (Ark. 2012).

entitled to the appointment of an expert by the Court.  He relies on <u>Spann v. Roper</u>, where the court reversed a district court's decision to grant summary judgment, absent expert witness testimony by the Plaintiff, even though Plaintiff had requested the appointment of an expert.  453 F.3d 1007, 1009 (8th Cir. 2006) (per curiam).  The court found it "incongruous that the district court denied Spann's motion for an expert witness and then granted summary judgment in part based on Spann's failure to provide verifying medical evidence that the delay had detrimental effects."  <u>Id</u>.  Plaintiff also relies on <u>Steel v. Shah</u>, where the court stated that the appointment of an expert for an indigent plaintiff could "avoid a wholly one-sided presentation of opinions on the issue."  87 F.3d 1266, 1271 (11th Cir. 1996).

      **C.**    **Analysis**

          **1.**      **28 U.S.C. § 1915**

      The expenditure of federal money on behalf of an indigent litigant is permitted only when authorized by Congress.  <u>United States v. MacCollom</u>, 426 U.S. 317, 321 (1976).  This statute addresses the issue of payment of filing fees and costs by indigent inmates, and it provides for the service of process for witnesses. 28 U.S.C.§ 1915(d).  However, it does not specifically address the issue of payment of fees and expenses for witnesses.  In <u>United States v. Means</u>, the United States Court of Appeals for the Eighth Circuit held that the "plain language, statutory context and legislative history of 28 U.S.C. § 1915 convince us that the statute neither expressly nor implicitly authorizes the payment of the witness fees and expenses as ordered by the district court."  741 F.2d 1053, 1057 (1984).  Other circuits have reached the same conclusion.  <u>See</u> <u>Boring v. Kozakiewicz</u>, 833 F.2d 468, 474 (3d Cir. 1987), where the court found no statutory authority to provide for the payment of expert witness fees in civil action, even though expert testimony was required to prove

the case of the <u>pro se</u> inmate plaintiff.  In addition, in <u>Pedraza v. Jones</u>, the court held that the district

court lacked the authority to appoint an expert for a <u>pro se</u> plaintiff under 28 U.S.C. § 1915.  71 F.3d

194, 196-97 (5th Cir. 1995).

### 2.      Fed.R.Evid. 706

This Rule provides for the appointment of an expert witness, on a party's motion or pursuant

to the Court's Order, "to aid the Court," and not for the benefit of one of the parties.  <u>See</u> <u>Hannah</u>

<u>v. United States</u>, 523 F.3d 597, 600 (5th Cir. 2008).  However, in <u>Means</u>, the court interpreted Rules

614(a) and 706(b) of the Federal Rules of Evidence, in light of 28 U.S.C. §§ 1920 and 2412, and

FED.R.CIV.P. 54(d), to confer discretionary power on the district court to order the government to

advance the fees and expenses of the defendants' lay and expert witnesses.  741 F.2d at 1057.  The

court noted that Rule 54(d) gives courts discretionary power to impose costs set forth in 28 U.S.C.

§ 1920 that may be taxed in civil cases where the United States is a party, and include expenses for

lay and expert witnesses.  <u>Id</u>.[4]

However, the facts in <u>Means</u> differ greatly from the present case, since the United States

instituted the action against Means and initially paid the fees and expenses for Means' pretrial

witnesses on several occasions.  Yet, at trial, after presenting its case, the United States refused to

pay for the defendants' trial witnesses.  The court noted that notions of "fairness in interactions

between citizens and the government make the exercise of discretion especially appropriate in the

present case because the United States is the party responsible for hampering the progress of the

ongoing trial."  741 F.2d at 1059.  However, the court also stated that "we strongly emphasize that

---

[4]The court also relied on Rule 706(b) as permitting the court to order one party or both to
advance fees and expenses for court-appointed experts, and that both Rules 614 and 706 give the
district court "great discretion" to call its own witnesses.

this discretionary power [to appoint experts] is to be exercised only under compelling circumstances." Id.

### 3.    Other case law

In Spann, the inmate plaintiff became ill after a nurse mistakenly gave him medication intended for another inmate. 453 F.3d at 1008. Plaintiff filed an Eighth Amendment claim pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs. The Eighth Circuit reversed the district court's decision to grant summary judgment, finding that a jury could conclude that the nurse was deliberately indifferent to Spann's medical needs when she left him in his cell for three hours after she became aware of her mistake. Id. The court then noted that it was "incongruous" for the court to deny Spann's motion for an expert, yet grant the motion for summary judgment based on his failure to provide verifying medical evidence of the detrimental effects of the delay. Id. at 1009. The court did not, however, elaborate on this conclusion, or provide guidance as to when a court should exercise its discretion to appoint an expert on behalf of an indigent inmate, and on what authority to rely in support of such action.

In Hannah, a case similar to this one, the United States moved to dismiss an inmate's FTCA claim based on his failure to produce expert testimony, as required by the state medical malpractice statute. 523 F.3d 597. The district court denied Hannah's motion for the appointment of an expert pursuant to Rule 706, and granted the defendant's motion for summary judgment. On appeal, the court relied on Means, noting that a court should appoint an expert only in "compelling circumstances," and affirmed the lower court's grant of summary judgment. 523 F.3d at 601.[5]

---

[5]Of further interest are the following: Johnson v. Hubbard, 698 F.2d 286, 289 (6th Cir. 1983), abrogated on other grounds by, L & W Supply Corp v. Cuity, 475 F.3d 737 (6th Cir. 2007), where the court held that the "right of access does not encompass a requirement that a

I find Rueben's case distinguishable from the situation in <u>Spann</u>, where the appellate court noted that sufficient evidence existed to support a jury's finding of deliberate indifference, based on the seriousness of his condition, the medication overdose, and the amount of time the inmate spent unattended in his cell.  Yet in this case, I find no such "compelling circumstances" to support a decision to grant his request for a court-appointed expert.  As noted in the May 5, 2014 Proposed Findings and Recommendations (Doc. No. 66), and the July 8, 2014 Order (Doc. No. 72), Rueben was treated numerous times by Defendant's employees during a three-month period.  Defendant's employees consistently treated him for his leg pain, offered various anti-inflammatory and pain medications, and ordered diagnostic tests. They also arranged for his transport to the local hospital, where the initial ultrasound test proved negative for blood clots.  At the time he was admitted, the attending physician noted no trauma, fever, headache, visual blurriness, chest pain, shortness of breath, and provided that Plaintiff was "in no acute distress."  (Doc. No. 51-1, p. 41.)  Therefore, absent compelling circumstances or statutory authority, this Court should exercise its discretion to refrain from appointing an expert for the Plaintiff.

The concept of negligence concerning the employees' failure to diagnose his leg pain within that specific period of time as Cellulitis, is not something that would be within the common knowledge of a juror, and requires expert testimony.  Therefore, Plaintiff's failure to provide an

---

court pay a party's witness fees absent a statutory authorization." <u>Toney v. Hakala</u>, 556 Fed.Appx, 570, 2014 WL 2210757 (8th Cir. 2014), where the court concluded that the district court did not abuse its discretion in denying the plaintiff's motions for appointment of counsel and an expert in an action filed pursuant to 42 U.S.C. § 1983; <u>Kensu v. Rapelje</u>, No. 12-11877, 2014 WL 1028948 (E.D.Mich), where the court stated there was no legal authority to grant the inmate's request for the appointment of an expert; <u>Vogel v. Turner</u>, No. 11-0446 (PJS/JJG), 2013 WL 358874 *11 (D.Minn), where the court stated 28 U.S.C. § 1915 "does not authorize payment of expenses other than court fees," and that the "courts have regularly held that indigent pro se civil litigants are not entitled to court-subsidized experts,..."

affidavit or declaration of an expert to support his claim that the care provided to him by Defendant's employees fell below the applicable standard of care and was negligent – causing injuries he otherwise would not have suffered – is fatal to his case.

## III.   Conclusion

IT IS, THEREFORE, RECOMMENDED that the Motion for Summary Judgment filed by Defendant United States of America be RECONSIDERED and GRANTED, and that Plaintiff's Complaint against Defendant be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 26th day of September, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE